**David Mark KRAMER,
Plaintiff-Appellant,**

v.

**AMERICAN POSTAL WORKERS
UNION, AFL–CIO, et al.,
Defendants-Appellees.**

No. 76–2495.

United States Court of Appeals,
Ninth Circuit.

May 23, 1977.

Rehearing and Rehearing En Banc
Denied July 25, 1977.

Jack R. Willis, Los Angeles, Cal., Martha Goldin, Goldin & Goldin, Hollywood, Cal., argued, for plaintiff-appellant.

Lawrence Rosen Zweig, Washington, D. C., argued, for defendants-appellees.

Before CUMMINGS,* GOODWIN and KENNEDY, Circuit Judges.

* Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation.

PER CURIAM:

The district court's memorandum granting the defendants' motion to dismiss was filed on December 2, 1975. As directed by the memorandum, the defendants prepared an order of dismissal, which was forwarded to the court, with copy to plaintiff, on December 11, 1975. The order was thereafter signed by the court and entered on December 15, 1975.

On April 6, 1976, plaintiff moved to "Vacate and Reenter Order of Dismissal to Preserve Rights of Appeal." In support of that motion, plaintiff's attorney submitted an affidavit stating that he had never received a signed copy of the order of dismissal, but only an unsigned one, and that he had not learned that judgment had been entered until he telephoned the district court on March 18, 1976. The attorney further averred that he told his client that until a signed copy of the order (or notice thereof) had been received, no decision need be made regarding an appeal.

The district court granted the plaintiff's motion and reentered the order of dismissal as of May 5, 1976. Plaintiff appealed within 30 days of the district court's order.

Although a district court may for compelling reasons reenter an order preserving a party's right of appeal, *see Fidelity & Deposit Co. of Maryland v. Usaform Hall Pool, Inc.,* 523 F.2d 744 (5th Cir. 1975), a mere failure of the clerk of the district court to notify the appellant that judgment has been entered is insufficient to permit such relief. Fed.R.Civ.P. 77(d) and Notes of Advisory Committee thereon; *In re Morrow,* 502 F.2d 520 (5th Cir. 1974). Here, appellant's counsel knew that the case had been decided against his client and that a proposed order had been sent to the district court for signature. Under these circumstances, the three-month delay in contacting the court to ascertain whether judgment had been entered and the unquestion-

ing reliance on the lack of notice were unjustified. From the foregoing, it is apparent that appellant failed to file this appeal within the time allowed by Fed.R. App.P. 4(a). We are therefore without jurisdiction in this matter.

The appeal is DISMISSED.