569 F.2d 1174
 AIRLINE PILOTS IN the SERVICE OF EXECUTIVE AIRLINES, INC.,
COUNSEL NUMBER 2, UNION OF PROFESSIONAL AIRMEN,
Plaintiff, Appellant,
v.
EXECUTIVE AIRLINES, INC., et al., Defendants, Appellees.
AIRLINE PILOTS IN the SERVICE OF EXECUTIVE AIRLINES, INC.,
COUNSEL NUMBER 2, UNION OF PROFESSIONAL AIRMEN,
Plaintiff, Appellee,
v.
EXECUTIVE AIRLINES, INC., et al., Defendants, Appellees,
Air New England, Defendant, Appellant.
 Nos. 77-1448, 77-1471.
 United States Court of Appeals,
First Circuit.
 Argued Jan. 3, 1978.
Decided Feb. 2, 1978.
 
 Loyd M. Starrett, Boston, Mass., with whom Arthur G. Telegen and Foley, Hoag & Eliot, Boston, Mass., were on brief, for plaintiff, appellant, Air New England.
 Richard E. Davis, Barre, Vt., with whom David L. Cleary and Richard E. Davis Associates, Inc., Barre, Vt., were on brief, for defendants, appellees, Airline Pilots in the Service of Executive Airlines, Inc., Counsel No. 2, Union of Professional Airmen.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The sole issue in this case is whether the district court erred as a matter of law in allowing Airline Pilots Union, plaintiff-appellee, to file its Notice of Appeal late pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. The pertinent portion of the rule reads:
 
 
 2
 Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 3
 The undisputed facts are these. The Notice of Appeal was dated and mailed on September 2, 1977. It should have been filed in the clerk's office on September 1. The reason given by appellee for the late mailing is that:
 
 
 4
 Through inadvertence or mistake, a secretary in the employ of plaintiff's attorney diaried the date upon which the appeal period expired as September 11th instead of September 1st. As a result, plaintiff's attorney believed the period expired on September 11th and that mailing the Notice of Appeal on September 2nd would result in the same being received by the office of the Clerk prior to September 11th.
 
 
 5
 We regard as completely immaterial appellee's argument that the Labor Day weekend resulted in a five day delay for receipt by the clerk of the Notice. The issue here is date of filing of the Notice, not progress of the mails.
 
 
 6
 Cases from this and other circuits make it clear that a mistake such as this is not excusable neglect within the meaning of the rule. In Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), we stated:
 
 
 7
 Excusable neglect calls for "circumstances that are unique or extraordinary." (Citations omitted.) If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.
 
 
 8
 In Pasquale v. Finch, 418 F.2d 627 (1st Cir. 1969), we held that a mistake in the handling of the mail within the Justice Department did not come within the provisions of the rule. See also Flint v. Howard, 464 F.2d 1084 (1st Cir. 1972), and 9 Moore's Federal Practice § 204.13(1).
 
 
 9
 A mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule.
 
 
 10
 The order of the district court in 77-1471 allowing appellee an extension of time for filing a Notice of Appeal is reversed. Since Rule 4(a) is jurisdictional, the appeal tardily noticed by appellee in 77-1448 is dismissed.