**Mrs. Polly GLASS, as Administratrix of the Estate of Jackie Barry Glass, and Sandra Pilkington, as Administratrix of the Estate of James L. Pilkington, Plaintiffs-Appellants,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

**No. 83–8210**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 16, 1983.

■

James I. Parker, Cedartown, Ga., for plaintiffs-appellants.

Robert L. Pennington, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

At the close of the trial against Seaboard Coast Line Railroad the jury returned verdicts in favor of plaintiffs awarding them $1,000,000 each. Seaboard filed timely motions for judgment n.o.v. or in the alternative for new trial. The district court ordered a new trial unless Glass and Pilkington filed remittiturs. Within 10 days the remittiturs were filed. September 30, 1982, the court vacated the original judgment in favor of Glass and entered a new judgment in her favor for $600,000. September 5 the court vacated the original judgment in favor of Pilkington and September 6 entered a new judgment in her favor for $300,000.

October 27 Glass and Pilkington filed a motion to amend the judgments. The district court denied the motion February 16, 1983. Glass and Pilkington filed notice of appeal March 16, 1983.

 Seaboard contends that the appeal must be dismissed because the notice of appeal was not timely filed. Under FRAP 4(a) a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken. The 30-day time limit is "mandatory and jurisdictional." *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 561, 54 L.Ed.2d 521 (1978). Running of the time for filing a notice of appeal may be tolled by a timely motion filed in the district court pursuant to Rule 52(b) (to amend or make additional findings of fact) or Rule 59 (for a new trial or to alter or amend the judgment). FRAP 4(a)(4). The untimely filing of such motions will not toll the running of the period for appeal. *Id.; Gribble v. Harris,* 625 F.2d 1173 (5th Cir.1980).

 A Rule 59(e) motion to alter or amend the judgment must be served within 10 days after entry of judgment. Fed.R. Civ.P. 59(e). This 10-day period is jurisdictional, *Gribble,* 625 F.2d at 1174, and cannot be extended in the discretion of the district court. Fed.R.Civ.P. 6(b). In this case Glass and Pilkington failed to file their motion to amend within the 10-day period. Thus, the motion was untimely and could not toll the running of the time to appeal under FRAP 4(a). The judgments were entered September 30 and October 6, 1982. The notice of appeal was filed March 16, 1983, long after the 30-day period had expired. Therefore, review of the merits is barred because of appellants' failure to file a timely notice of appeal.

 Arguably the tardy motion to amend should be construed as a Rule 60(b) motion. Unlike Rule 59, Rule 60 does not contain a 10-day time limit. A motion for relief from judgment under Rule 60(b), however, does not toll the time for appeal from the original judgment. Nonetheless, a timely appeal may be taken under FRAP 4(a) from denial of a Rule 60(b) motion. The court of appeals may review the ruling only for abuse of discretion, and the appeal does not bring up the underlying judgment for review. *Browder,* 434 U.S. at 263 n.7, 98

S.Ct. at 560 n.7. Glass's and Pilkington's motion was denied by the district court February 16 and notice of appeal filed March 16. Although the appeal from the denial of the motion is timely, Glass and Pilkington did not argue in the district court and do not argue here that their motion should be treated as having been made under Rule 60(b). Since appellants do not pursue the issue, the district court did not consider it, and since the motion did not state any grounds for relief cognizable under Rule 60(b), we decline to review the order as a denial of a Rule 60(b) motion.

The appeal is DISMISSED.