**Arthur R. TUCKER, Plaintiff-Appellant,**

v.

**COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
Defendant-Appellee.**

**No. 85–5073.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1986.

Dana P. Brigham, Brigham & Brigham, Miami, Fla., for plaintiff-appellant.

Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Pa., Frank A. Shepherd, Edith G. Osman, Humberto J. Pena, Miami, Fla., defendant-appellee.

Before FAY, Circuit Judge, HENDERSON * and NICHOLS **, Senior Circuit Judges.

PER CURIAM:

The appellant, Arthur R. Tucker, appeals from the district court's dismissal of this action for lack of personal jurisdiction. We do not reach the merits of this jurisdictional ruling, however, because, for the reasons which follow, we find Tucker's appeal was untimely and, accordingly, must be dismissed.

I.

On March 17, 1982 Tucker instituted this action seeking damages for breach of a contract of title insurance, bad faith refusal to honor an insurance policy and negligent completion of a title search. Service was made upon the vice president of appellee Commonwealth Land Title Insurance Company on that same date. There was no response, and Tucker filed a motion for default on April 22, 1982. The district court entered a default judgment on June 4, 1982. An additional judgment for attorney's fees and investigative costs was entered by the court on July 15, 1982.

Commonwealth filed a notice of appearance on July 30, 1982 as well as a motion for relief from the default judgments. Commonwealth alleged that the judgments should be set aside because, pursuant to Fed.R.Civ.P. 60(b)(4), they were void for lack of personal jurisdiction and, pursuant to Fed.R.Civ.P. 60(b)(1), its failure to respond was the result of excusable neglect. On August 23, 1982, the court granted Commonwealth's motion for relief; the default judgments were vacated as void and the action was dismissed without prejudice. Tucker was given twenty days to amend his complaint in order to set forth suffi-

cient facts to support personal jurisdiction over Commonwealth under Florida's long-arm statute. Tucker did not file an amended complaint, but moved on September 1, 1982 to vacate the August 23rd order. The court denied Tucker's motion on December 3, 1982 and he appealed. Commonwealth moved to dismiss on the grounds that the order dismissing the action with leave to amend was not final and appealable. On March 18, 1983, this court granted Commonwealth's motion.

Tucker subsequently filed a motion before the district court, on June 27, 1983, seeking reconsideration of the August 23rd and December 3rd orders, or, in the alternative, to make these prior rulings final to permit appeal. The district court denied Tucker's motion on September 30, 1983. On October 14, 1983 Tucker filed a renewed motion to enter a final ruling. On April 3, 1984, the district court entered the requested order making all prior rulings final and fully appealable. The order reflected that counsel for both parties were mailed copies, however, Tucker's counsel never received one. The order was entered on the docket on April 16, 1984. Four months later, on July 18, 1984, Tucker filed an emergency motion for the entry of a final ruling. On that same date, in response to the emergency motion, Tucker's counsel was informed by the court that the requested order had been entered on April 3rd. Tucker immediately filed a motion under Rule 60(b)(6) requesting the court to vacate its final order of April 3rd and reenter its judgment so that a timely notice of appeal could be filed.[1] In an affidavit attached to the motion, Tucker's counsel stated that "no copy of the Court's Order of April 3, 1984, was received by this office, nor did ... counsel in any other way have

---

* See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Fed.R.App.P. 4(a)(1) sets a thirty-day time limit for filing a notice of appeal. However, pursuant to Fed.R.App.P. 4(a)(5), "The district court,

upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Because of the four month delay in the discovery of the judgment in this case, the extended time limit of Rule 4(a)(5) was clearly inapplicable.

actual knowledge that the Court had entered its order...." Tucker's counsel also stated that he had delegated checking the docket sheets to an employee, however, this employee "misinformed [him] that no Order had been entered."

Commonwealth opposed Tucker's motion, arguing that Fed.R.Civ.P. 77(d) [2] precluded Tucker from relying on lack of notice of the entry of the order as a basis for relief. The court disagreed, however, and granted the motion, vacating the April 3rd order and reentering it on January 8, 1985. This appeal followed.

## II.

■ The thirty day time limit within which an appeal may be taken is " 'mandatory and jurisdictional.' " *Glass v. Seaboard Coast Line Railroad,* 714 F.2d 1107, 1109 (11th Cir.1983) (quoting *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)). Rule 60(b)(6) grants the district courts discretion to relieve parties from judgment or orders for "any ... reason justifying relief from the operation of the judgment," and to alleviate the "draconian effect" of Rule 77(d), courts have used Rule 60(b) to extend the time for appeal. *Wilson v. Atwood Group,* 725 F.2d 255, 257 (5th Cir.) (en banc), *cert. denied,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). Rule 60(b) "is an extraordinary remedy [,however,] which may be invoked only upon a showing of exceptional circumstances," *Griffin v. Swim Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984), and, most courts using Rule 60(b) in this manner have limited its use accordingly. *See United States v. O'Neil,* 709 F.2d 361, 373 (5th Cir.1983). Moreover, courts have consistently held that Rule 60(b) relief is unavailable when the only reason for the failure to appeal is the lack of notice of the

entry of judgment. *Spika v. Village of Lombard,* 763 F.2d 282, 286 (7th Cir.1985) (citing cases), *cert. denied,* —— U.S. ——, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). This is so because, "To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d)." *In re Morrow,* 502 F.2d 520, 523 (5th Cir.1974).[3] In allowing the use of Rule 60(b) to afford additional time to appeal, the Fifth Circuit has required a showing of due diligence on the part of counsel in "attempting either to delay [the] entry [of judgment] or to inquire about the status of the case." *Wilson,* 725 F.2d at 258 (citing *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir. 1970); *Fidelity and Deposit Co. of Maryland v. USAFORM Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976)). Indeed, as a recent commentator has noted, "[o]nly a scattered group of courts have applied Rule 60(b)(6) so liberally as not to require a demonstration of due diligence as a prerequisite to relief." Calkins, *The Emerging Due Diligence Standard for Filing Delayed Notice of Appeal in Federal Courts,* 19 Willamette L.Rev. 609, 619 (1983).

■ In the instant case, the district court explicitly relied on counsel's failure to receive notice of the entry of the order of April 3, 1984 as the sole basis for affording relief. Counsel made no written or oral inquiries to the court concerning the entry of the judgment for a period of ten months. *Cf., Harnish v. Manatee County,* 783 F.2d 1535, 1537 (11th Cir.1986). The fact that he delegated the task of occasionally checking the docket sheet to an employee does not constitute the requisite due diligence on the part of Tucker's counsel. This lack of diligence precludes Rule 60(b)(6) relief and we, therefore, find it was an abuse of dis-

**2.** Fed.R.Civ.P. 77(d) provides in pertinent part: Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) we adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

cretion on the part of the district court to grant such relief. This appeal is accordingly DISMISSED for lack of jurisdiction.