## In re SPECIALTY PLASTICS, INC.

### The COMMITTEE OF UNSECURED CREDITORS OF SPECIALTY PLASTICS, INC., Plaintiff–Appellee,

v.

### Eugene L. DOEMLING and Regina Doemling, a partnership trading and doing business as Walnut Street Properties, Defendants.

Civ. A. No. 88–136.
Bankruptcy No. 82–3833.
Adv. No. 84–2161.

United States District Court,
W.D. Pennsylvania.

March 28, 1988.

Charles E. Bobinis, Pittsburgh, Pa., for plaintiff-appellee.

Bernhard Schaffler, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from an Order of the Bankruptcy Court denying the Defendants' motion to vacate an order granting partial summary judgment to plaintiffs in an adversary proceeding. The parties have filed briefs and a designated record of the proceedings below.

The unsecured creditors initiated this adversary proceeding charging defendants with usurpation of corporate opportunities, fraudulent conveyances and preferential payments. Defendant Eugene L. Doemling was and is a director, officer and principal shareholder in the debtor, a closely held corporation. His wife, Regina is an officer of the debtor. Together the Doemlings own a separate business, Walnut Street Properties, which was also involved in these allegedly improper transactions.

On August 4, 1987, the plaintiff-committee filed a 3-pronged motion seeking:

—leave to amend the complaint;

—partial summary judgment for $49,000 on the usurpation claims;

—a trial date for the remaining claims.

On August 11, 1987 the Bankruptcy Court issued an order requiring defendants to file a response to the motion by September 24, 1987 and setting a hearing for October 1, 1987.

Defendants did not file a response as required and neither defendants nor their counsel appeared at the October 1, 1987 hearing. In the absence of defendants, the Bankruptcy Court reviewed the motion and the existing record and entered partial summary judgment in favor of plaintiffs for $49,000.

Subsequently, defendants and their counsel learned of the court's action and promptly filed a motion to vacate and/or reconsider the October 1, 1987 order. Defense counsel explained that he had received the court's August 11, 1987 schedul-

ing order but had inadvertently diaried the reponse and hearing for the wrong months. Thus counsel's calendar listed the hearing for November 1, 1987 when in fact it was held a month earlier. Defendants argued that this was a case of excusable neglect and the court should vacate the award of partial summary judgment and hear defendants' response to plaintiff's motion. Defendants also argued that they had meritorious defenses to plaintiff's claims, including a challenge to standing and jurisdiction.

In a written memorandum order the Bankruptcy Court refused to vacate its previous order, concluding in fact that counsel's diary error did not constitute excusable neglect. We disagree.

In a recent opinion cited by the court below, the Third Circuit expounded on the standard for excusable neglect.

Rule 4(a)(5)'s excusable neglect standard requires a case-by-case analysis. In order to judiciously apply the standard, a court must, at a minimum, make findings as to the reasons underlying counsel's inadvertence. There is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvertence which results from counsel's lack of diligence.

Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; ... (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, ...; (4) whether the inadvertence reflects a complete lack of diligence, ...; or (5) whether the court is satisfied that the inadvert-

ence resulted despite counsel's substantial good faith efforts toward compliance. *Consolidated Freightways Corp. of Delaware v. Larson,* 827 F.2d 916, 919 (3 Cir. 1987).

The Bankruptcy Court did not address these factors, nor did it make the necessary findings. Instead the court seized upon factor No. 2 in isolation and stated that "it has been determined that this omission (i.e. a mistaken diary entry) is in fact *not* excusable neglect." Citing *Airline Pilots v. Executive Air Lines, Inc.,* 569 F.2d 1174 (1st Cir.1978).

The Bankruptcy Court's holding ignores the salient premise of *Larson,* that each case must be reviewed and evaluated on its own facts. What may seem appropriate in one case will be unjustly harsh in another. All the circumstances must be considered.

In the present case, the ease of manufacture and verification of the diary error is only one factor and it alone is not determinative. Aside from a great deal of invective and innuendo from plaintiff concerning defendants' dilatory discovery responses in this case, there is nothing to indicate that counsel's failure to appear was anything but inadvertent. Indeed the Bankruptcy Court did not find counsel to be unworthy of credence or his excuse to be facile and not credible. Counsel gained no advantage by his order and caused plaintiffs no prejudice. There is no indication that counsel has missed other scheduled appearances but to the contrary the record indicates that this was an isolated event.

In support of its decision the Bankruptcy Court quoted the following language from *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976):

Excusable neglect calls for "circumstances that are unique or extraordinary," (citations omitted). If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.

We cannot reconcile this with *Larson.* In *Larson* the most mundane of errors, a typist's error which caused a notice of appeal to be filed in the wrong district, was held to be excusable neglect. *Larson* made clear that it is the simple, everyday error—an unnoticed typo, a mistaken diary entry—

which is virtually inevitable for every lawyer regardless of the level of competence or diligence he brings to a case. To the extent *Air Line Pilots,* 569 F.2d 1174, is grounded on *Spound,* it too is inconsistent with *Larson.*

For the reasons stated we conclude that the Bankruptcy Court misapprehended the import of *Larson,* and based on the circumstances of this particular case as they appear in the record, we conclude that counsel's failure to attend the scheduled hearing was the result of excusable neglect. Defendants should be afforded the opportunity to fully respond to plaintiffs' motion and therefore the order granting partial summary judgment will be vacated and the matter remanded for further proceedings.

We do not address the merits of defendants' opposition to the summary judgment motion. After receiving defendants' response the court below may well conclude that summary judgment is still warranted.[1] However, the Bankruptcy Court and this Court on appeal will have the benefit of a complete record and a full exposition of the issues, legal and factual, including the jurisdiction and standing issues briefed on appeal.

Finally, we note that defendants challenge the method of service of the Bankruptcy Court's August 11, 1987 scheduling order. The order required plaintiffs to effect service on "all parties ... and their counsel." Plaintiffs' counsel simply mailed the notice to defense counsel. Because of our holding above we need not consider whether service on counsel alone is effective. While the order as written does contain an ambiguity which this case illustrates, it is one which can easily be avoided in the future by clarifying the language of the form of order to clearly state the Bankruptcy Court's intention as to service.

An appropriate order will be entered.

### ORDER

AND NOW, in accord with the accompanying Opinion, IT IS HEREBY ORDERED

that the Bankruptcy Court's award of partial summary judgment contained in the Orders of October 1, 1987 and November 23, 1987 is VACATED, and the matter REMANDED for further proceedings consistent with the accompanying Opinion.

The Clerk is DIRECTED to mark the matter CLOSED.

---

1. The Bankruptcy Court did not rush to judgment without any exploration of potential defenses. It considered the issues on its own motion and heard defense counsel briefly on these matters at the time of argument on de-

fendants' motion to vacate. However, in these circumstances defendants should be permitted full opportunity to state their opposition to the plaintiffs' motion.