Frank E. BORIO, Sr., as Personal Representative of the Estate of Frank E. Borio, Jr., and Frank E. Borio, Sr., his father, Toni D. Borio, his mother, jointly and severally, Plaintiffs–Appellants,

v.

COASTAL MARINE CONSTRUCTION CO., f/k/a Coastal Diving and Marine Construction Co., a Florida corporation, Edward S. McDonald, President–Director, Donald J. Logan, Vice President–Treasurer, Secretary and Director, Defendants–Appellees.

No. 88–6024.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1989.

Earle Lee Butler, Ft. Lauderdale, Fla., for plaintiffs-appellants.

David P. Karcher, Underwood, Gillis & Karcher, P.A., Miami, Fla., for Coastal Marine Const. Co.

Richard A. Sherman, Rosemary Wilder, Fort Lauderdale, Fla., for McDonald & Logan.

Before FAY and HATCHETT, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

On June 21, 1982, Frank E. Borio and Toni D. Borio, as the parents and personal representatives of the estate of Frank E. Borio, Jr., filed suit in the United States District Court for the Southern District of Florida against Coastal Marine Construction Company ("Coastal"), Edward McDonald, president and director of Coastal, and Donald Logan, vice president, treasurer, secretary, and director of Coastal. The Borios instituted this action under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 (1982), seeking damages for the death of their son, who was killed during the course of his employment with Coastal.

After hearing all the evidence, the district court granted a directed verdict in favor of Coastal and the individual defendants. Subsequently, the court denied the Borios' motion for a new trial. The Borios appeal the court's denial of their motion for a new trial.

We do not reach the merits of the court's ruling because the Borios' appeal was untimely and, therefore, must be dismissed.

## I.

The relevant chronology of the case is as follows:

1) A jury trial was held on October 1, 1984.

2) At the close of all the evidence, the court granted Coastal's motion for a directed verdict and entered final judgment on October 10, 1984.

3) The court denied the Borios' motion for a new trial on October 19, 1984.

4) In March, 1988, the Borios, having failed to appeal the court's order of October 19, 1984, moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] On August 19, 1988, the court granted the Borios relief and vacated its October 19, 1984 order denying the motion for a new trial. The court entered a new order with an August 19, 1988 effective date denying that same motion.

5) The Borios failed to file a timely appeal from the August 19, 1988 order. On October 7, 1988, forty nine days after August 19th, the Borios moved the court for allowance to file a late appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The court granted the Borios' motion.

The Borios contend that they failed to file an appeal from the court's October 19, 1984 order denying their motion for a new trial because they did not receive notice of the court's order. Counsel for the Borios explained that during the three and a half year period after entry of the order, he made informal inquiries of the judge who presided over their case before learning that the court's final order was entered on October 19, 1984. Counsel for the Borios further explained that his failure to file a timely appeal from the August 19, 1988 order resulted from his secretary inadvertently placing the notice of appeal in her files rather than filing it with the court and sending copies to opposing counsel.

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. Rule 60(b)(6) provides the following:
   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.
   Fed.R.Civ.P. 60(b)(6).

## II.

The only issue this Court need address is whether the district court properly granted the Borios leave to file a late notice of appeal pursuant to Federal Rule of Appellate Procedure ("Rule") 4(a)(5).[2] The standard of review controlling extensions of time under Rule 4(a) is whether the district court abused its discretion. *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir.1979).[3]

Rule 4(a)(1) provides a thirty day time limit for filing a notice of appeal. Filing an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction. *Browder v. Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir.1986) (per curiam); *Pellegrino v. Marathon Bank*, 640 F.2d 696, 698 (5th Cir. Unit B Mar. 25, 1981) (per curiam); *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521, 522 & n. 1 (5th Cir.1980). Rule 4(a)(5) allows an extension of the thirty day period in only limited circumstances. Rule 4(a)(5) provides, in relevant part, the following:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Fed.R.App.P. 4(a)(5).

The Borios filed their motion for leave to file a late appeal after expiration of the thirty day time limit. Because the Borios' motion was filed beyond the thirty day limit, they must demonstrate that "excusable neglect" justifies their late filing. *See Parker v. Strickland*, 728 F.2d 1406, 1407 (11th Cir.1984) (per curiam); *650 Park Ave. Corp. v. McRae*, 836 F.2d 764, 766 (2d Cir.1988); *see also* Fed.R.App.P. 4(a)(5) advisory committee's note.[4] Counsel's only explanation for failing to file the appeal within thirty days is that his secretary misplaced the notice of appeal in her files.

This Court and others have strictly construed the excusable neglect standard. *Pellegrino*, 640 F.2d at 698; *Chipser*, 600 F.2d at 1063; *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir.), *cert. denied sub nom. Rothman v. New York State Dept. of Transportation*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *Spound v. Mohasco Indus., Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *Reinsurance Co. of America v. Asigurarilor de Stat*, 808 F.2d 1249, 1251–52 (7th Cir.1987); *cf. Wright v. Deyton*, 757 F.2d 1253, 1256 (11th Cir.1985) (per curiam). Generally, excusable neglect should be found only upon a showing of unique circumstances which establish that it would be unfair to dismiss the appeal. *Chipser*, 600 F.2d at 1063; *cf. Wright*, 757 F.2d at 1256; *see also Spound*, 534 F.2d at 411; *Reinsurance Co.*, 808 F.2d at 1251–52. A finding of excusable neglect may not be based on "mere palpable mistake" or administrative failure by counsel or counsel's

---

**2.** Even if the Borios' conduct could be construed as excusable neglect, we nevertheless would likely be forced to dismiss the appeal. The district court probably abused its discretion by granting the Borios relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Although we will not address this issue, it is worthy to note this Court's decision in *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054 (11th Cir.1986) (per curiam). In *Tucker* this Court held that the district court abused its discretion in granting Rule 60(b)(6) relief when the sole basis for such relief was counsel's failure to receive notice of the entry of an order. *Id.* at 1056–57. This Court noted that counsel made no written or oral inquiries to the court for 10 months before discovering that a final order had been entered. This Court also noted

that counsel did not act with due diligence despite having delegated to an employee the task of occasionally checking the docket sheet. *Id.* at 1056.

**3.** The Eleventh Circuit, sitting en banc, adopted as binding precedent all decisions by the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

**4.** The advisory committee's note to Rule 4(a)(5) provides, in relevant part, the following: "The present rule requires a 'showing of excusable neglect....' [T]his [is] an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run...."

staff. *Chipser,* 600 F.2d at 1063 (citing *Spound,* 534 F.2d at 411); *see also McRae,* 836 F.2d at 767.

The First Circuit in *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978) (per curiam) addressed the issue of excusable neglect in a factually similar case. In *Airline Pilots,* counsel's secretary mistakenly noted September 11th as the final day for filing an appeal when September 1st was the actual deadline. As a result, counsel did not mail the notice of appeal until September 2nd. The First Circuit dismissed the appeal, holding that counsel's mistaken belief that the appeal period expired on September 11th, rather than September 1st, did not constitute excusable neglect. *Id.* at 1175.

Likewise, we hold that it is not excusable neglect when counsel fails to file a timely appeal because his or her secretary misfiles the notice of appeal in her own files. We find, therefore, the district court abused its discretion in finding excusable neglect and granting relief under Rule 4(a)(5).

Accordingly, this appeal is DISMISSED.