**In re TYGART INDUSTRIES, INC., Debtor,**

**and**

**Union National Bank.**

Civ. A. No. 90–813.

Bankruptcy No. 83–2553.

United States District Court,
W.D. Pennsylvania.

Sept. 3, 1991.

M. Bruce McCullough, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for Union Nat. Bank.

Bernhard Schaffler, Schaffler and Bohm, Pittsburgh, Pa., for Official Committee for Unsecured Creditors.

David W. Lampl, Pittsburgh, Pa., for Tygart Industries.

## MEMORANDUM OPINION

LEE, District Judge.

This is an appeal from an Order of the Bankruptcy Court denying Union National Bank's Motion to Vacate Order of January 8, 1990, Reconsider Claim No. 137 and Affirm Rights of Movant as Reflected in Debtor's Schedules. The Committee of Unsecured Creditors of Tygart Industries, Inc. (Committee) and Union National Bank (UNB) have filed briefs on the matter and argument was held in open court on March 1, 1991.

On November 30, 1983, Tygart Industries, Inc. (Tygart) filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Schedules were filed on January 24, 1984, acknowledging the existence of a secured claim by UNB in the amount of $5,100,000.00. On or about December 1, 1988, UNB filed a proof of claim to accurately reflect the amount owed by Tygart, which, as a result of various recoveries, was less than that set forth in Tygart's Schedules, but the debt was still in excess of $2,000,000.00. Such claim was designated Claim No. 137.

The Committee filed Objections to Claim No. 137 on November 3, 1989, and served such upon UNB. The Bankruptcy Court then entered an order scheduling a hearing on the Committee's objection for January 3, 1990 and requiring UNB to file an answer to the objection on or before December 27, 1989.

A copy of the scheduling order was received by the office of UNB's counsel on November 22, 1989. At that time, counsel for UNB, M. Bruce McCullough, was on vacation. Due to an inadvertent misplace-

ment of the order, the significant dates were never brought to Mr. McCullough's attention. Consequently, no answer to the objection was filed on behalf of UNB, and UNB was not present at the hearing on the Committee's objection to Claim No. 137. In UNB's absence, the hearing on the Committee's objection proceeded *ex parte*, and on January 8, 1990, the Bankruptcy Court entered an order which disallowed Claim No. 137.

On January 16, 1990, pursuant to Bankruptcy Rule 9024[1] and Bankruptcy Rule 3008[2], UNB filed its Motion to Vacate. A hearing was held on UNB's motion on March 22, 1990, and the Bankruptcy Court denied the motion stating "[t]he reasons advanced for [UNB's] failure to prove its claim at the regularly scheduled hearing date does not amount to excusable neglect as defined in this circuit."

UNB then filed this appeal, contending the reasons for its failure to comply with the scheduling order of the Bankruptcy Court constitute excusable neglect, and the Bankruptcy Court abused its discretion by failing to vacate and reconsider its order disallowing UNB's Claim No. 137 because of UNB's inadvertent failure to comply with the Bankruptcy Court's scheduling order.

▪ Based upon the applicable standards for analysis of excusable neglect as set forth by the Third Circuit in *Consolidated Freightways Corp. of Delaware v. Larson,* 827 F.2d 916 (3d Cir.1987), *cert. denied,* 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988), this Court finds that the circumstances surrounding UNB's failure to comply with the scheduling order of the Bankruptcy Court constitutes excusable neglect.

▪ *Larson* interpreted Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which provides that a court may, upon a showing of "excusable neglect" or "good cause" extend the time for filing an appeal. In both *In re Specialty Plastics, Inc.,* 85 B.R. 32, 33–34 (W.D.Pa.1988) and *In re Wells,* 87 B.R. 862, 864 n. 2. (Bankr. E.D.Pa.1988), *Larson* was cited as setting parameters for defining "excusable neglect" in a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure. The standard of "excusable neglect" is more strict when reviewing requests to extend appeals periods. *In re W & L Associates, Inc.,* 74 B.R. 681, 683 (Bankr.E.D.Pa.1987). Because courts are more indulgent in Rule 60(b) motions because of the concern that parties get their day in court, *Id.* at 684, the court in *In re Wells,* concluded a standard more liberal than that espoused in *Larson* could be justified when reviewing Rule 60(b) motions. *See In re Wells,* 87 B.R. at 864 n. 2. As in *Wells,* this Court does not find it necessary to stray from the *Larson* standards.

After *Larson,* courts in the Third Circuit must recognize the possibility of human error and decline to penalize counsel when these errors are explained. *In re Wells,* 87 B.R. at 865. The *Larson* court explained:

Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred. A thoughtful analysis of this issue in a particular context will, at minimum, require a weighing and balancing of the following factors: (1) whether inadvertence reflects professional incompetence such as ignorance of the rules of procedure, *Campbell v. Bowlin,* 724 F.2d 484 (5th Cir.1984); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir. 1978); (3) whether the tardiness results

---

1. Rule 9024 states that Rule 60 Fed.R.Civ.P. applies in cases under the Code. Rule 60(b), in pertinent part reads as follows:

   "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect ..."

2. Bankruptcy Rule 3008 provides in pertinent part:

   [a] party ... may move for reconsideration of an order allowing or disallowing a claim ... The court after a hearing or notice shall enter an appropriate order.

from counsel's failure to provide for a readily foreseeable consequence, *United States v. Commonwealth of Virginia,* 508 F.Supp. 187 (E.D.Va.1981); (4) whether the inadvertence reflects a complete lack of diligence, *Reinsurance Co. of America, Inc. v. Administratia,* 808 F.2d 1249 (7th Cir.1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. 827 F.2d 916, 919 (3d Cir.1987).

Since the Bankruptcy Court failed to make the necessary findings, it is not clear whether the *Larson* factors were given their proper weight or whether they were addressed at all. Upon analysis of the circumstances resulting in the denial of UNB's claim, we believe the situation cries out for the relief contemplated by *Larson.*

In *Larson,* a typist's error which caused a notice of appeal to be filed in the wrong district, was held to be excusable neglect. *Larson* made clear "it is the simple everyday error—an unnoticed typo, a mistaken diary entry—which is virtually inevitable for every lawyer regardless of the level of competence or diligence he brings to the case." *In re Specialty Plastics, Inc.,* 85 B.R. at 33–34. Counsel for UNB failed to comply with an order because it did not come to his attention. As soon as he became aware of his failure, he acted quickly and diligently to correct the error.

Looking at the Larson factors in seriatim: (1) counsel's actions do not exhibit professional incompetence, the error appears to be clerical in nature; (2) counsel's reasons for his inadvertence do not constitute "an easily manufactured excuse incapable of verification by the court." All excuses are easily manufactured, however risking a client's claim in excess of $2,000,000.00 by deliberately ignoring an order of court seems far more implausible; (3) provisions had been made by counsel for his mail to be properly cared for in his absence, however, due to no fault of his own, the order was improperly filed; (4) & (5) there is no indication of counsel's "complete lack of diligence" nor that counsel ever acted in any manner other than in good faith. Counsel has not missed any other scheduled appearances, and acted diligently to remedy the situation caused by his failure to comply with the court's scheduling order.

In addition to the above, this Court also takes into consideration the Third Circuit's preference that cases be disposed of on the merits where practicable. *Jorden v. National Guard Bureau,* 877 F.2d 245, 251 (3d Cir.1989). The disallowance of Claim No. 137 based upon counsel's failure to appear at a proceeding that the court itself had contemplated serving as a pretrial conference, is a sanction inordinately severe under the circumstances.

For the reasons above-stated and based upon the facts of this particular case as they appear in the record, this Court finds that counsel's failure to answer the Committee's objection to Claim No. 137, and counsel's failure to appear at the scheduled hearing was the result of excusable neglect. UNB should be afforded the opportunity to respond to the Committee's objections to Claim No. 137 and have the issue decided on the merits. Therefore, the order denying Claim No. 137 shall be vacated and the matter remanded for further proceedings.