**JAMES SMITH, Plaintiff**

v.

**WILLIAM M. KENNY and MATT COOK, Defendants**

Civil No. 79-167

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 25, 1979

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiff*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for defendant Cook*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is presently before the Court on defendant's motion to dismiss the complaint because it is time barred. The motion will be denied.

■ Plaintiff alleges that on June 10, 1977, he was injured when defendants negligently struck him with their motorcycle. The statute of limitations for personal injury actions is two years. 5 V.I.C. § 31. The complaint was filed on Monday, June 11, 1979. We are asked to determine whether the limitations period is tolled until the next working day if the period ends on a Saturday or Sunday. Pursuant to Fed. R. Civ. P. 6(a) we will hold that under such circumstances the statute of limitations is tolled.

Rule 6(a) specifies the method of computation for time periods. It provides:

### TIME

(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

The majority viewpoint is that Rule 6(a) applies to federal statutes of limitations. See Witz v. Peninsula Shipbuilders Ass'n., 382 F.2d 237 (4th Cir. 1967) (Labor-Management Disclosure Act); Johnson v. Flemming, 264 F.2d 322 (10th Cir. 1959) (Social Security Review); United States v.

A.B.C. Roofing and Siding, Inc., 193 F.Supp. 465 (D. Cal. 1961) (Miller Act); Prince v. United States, 185 F.Supp. 269 (D. Wis. 1960) (Federal Torts Claim Act). The conclusion here reached is in keeping the liberal interpretation of the Federal Rules of Civil Procedure. Boulet v. Millers Mutual Insurance Ass'n., 36 F.R.D. 99, 101 (D. Minn. 1964). It has been held that "[s]ince the rule had the concurrence of Congress, and since no contrary policy is expressed in the [substantive] statute governing . . . review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are . . . applicable . . .". Union National Bank v. Lamb, 337 U.S. 38, 40–41 (1949).[1] We view such an interpretation of Rule 6(a) as practical and fair.

■ The question before this Court is not whether Rule 6(a) applies to a federal statute but rather whether it applies to 5 V.I.C. § 31(5)(A). This Court is governed by the Federal Rules of Civil Procedure. Its procedure does not change with the nature of the suit before it.[2] Thus, if Rule 6(a) affects the federal limitations period, it affects the Virgin Islands limitations period as well.

■ Applying Rule 6(a) to the facts before us, we find the action timely. The accident occurred on June 10, 1977, and the statute of limitations began to run on June 11. Pursuant to 5 V.I.C. § 31(5)(A) plaintiff had two years to bring suit and did so on Monday, June 11, 1979. Though the action appears untimely it is within the limitation period. Rule 6(a) tolls the last day of the period of limita-

---

[1] The minority viewpoint provides that Rule 6(a) applies to procedural actions only after the commencement of suit. Joint Council Dining Car Employees Local 370 v. Delaware, L.&W.R. Co., 157 F.2d 417, 420 (2d Cir. 1949). The limitations period is viewed as substantive law which cannot be altered by procedural rules. See id. See generally Wright & Miller, Federal Practice and Procedure: Civil § 1163 (1969).

[2] There is a question as to whether Fed. R. Civ. P. 6(a) applies to state statute of limitations when actions are filed in federal court pursuant to diversity jurisdiction. See Wright and Miller, supra.

tion if it falls on a Saturday, Sunday, or legal holiday. June 10, 1979, was a Sunday. Therefore, the motion to dismiss the complaint must be denied.

ORDER

The premises considered and the Court being advised,

IT IS ORDERED that the motion of the defendants for dismissal of the complaint be, and the same is hereby, DENIED.