**M.B.M., INC., Plaintiff**

v.

**RUPERT A. GEORGE, ELENORA GEORGE, RUPERT GEORGE CONSTRUCTION, Defendants**

Civil No. 80-87

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 17, 1983

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Federal Rule of Appellate Procedure 4(a) (1) provides, in part:

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . . .

Fed. R. App. P. 4(a) (1).

On September 12, 1983, we entered an order denying the motions of defendants for relief under Rules 59 and 60. Defendants were thus free to appeal this action by filing a notice of appeal with the Clerk of this Court on or before October 12, 1983. On October 26, 1983, defendants moved for an extension of time for filing a notice of appeal of this action. Defendants argue that Fed. R. App. 4(a) (5) authorizes us to grant such an extension.

Rule 4(a) (5), however, conditions the grant of an extension of time for filing a notice of appeal "upon a showing of excusable neglect or good cause." Fed. R. App. P. 4(a) (5). The only explanation offered by defendants to excuse their failure to file a timely notice of appeal is that:

> Inadvertently this case was placed by clerical staff on a thirty-day appeal calendar running from September 22, the date of receipt [of the Court's order of September 12], rather than from September 12, the date of entry.

█ The Court of Appeals for the First Circuit flatly rejected the sufficiency of this excuse in Airline Pilots, etc. v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir. 1978). There "a secretary in the

employ of plaintiff's attorney diaried the date upon which the appeal period expired as September 11th instead of September 1st." Airline Pilots, 569 F.2d at 1174. The Court concluded that this was not the sort of mistake contemplated by Rule 4(a) (5): "A mistake made by an attorney or his staff is not, except under unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule." Id. at 1175. See also, Selph v. Council of City of Los Angeles, 593 F.2d 881, 883 (9th Cir. 1979) (concluding that failure to file timely notice of appeal occasioned by attorney's move from one office to another and the disruption of normal calendaring practices resulting therefrom did not constitute excusable neglect within the meaning of Rule 4(a) (5)).

■ A contrary result would severely undercut the timeliness requirement of Rule 4(a) (1). As the Court of Appeals for the First Circuit has observed:

> Excusable neglect calls for "circumstances that are unique or extraordinary." [Citations omitted.] If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.

Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886 (1976).

■ As defendants have not demonstrated that their failure to file timely notice of appeal was the result of excusable neglect, their motion for extension of time to file notice of appeal will be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants Rupert A. George, Elenora George, and Rupert George Construction for extension of time to file notice of appeal be, and the same is, hereby DENIED.