JOHN PEDEREAUX and MARY ROBERTS, Plaintiffs

v.

JOHN DOE and V.I. ENTERPRISES, INC., d/b/a
AVIS RENT–A–CAR, Defendants

Civil No. 81-14

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 18, 1984

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiffs*

JAMES L. HYMES, III, ESQ., St. Thomas, V.I., *for defendant V.I. Enterprises, Inc., d/b/a Avis Rent-A-Car*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

By Order of March 23, 1984, this Court denied the timely motion of defendant for judgment non obstante veredicto. Fed. R. Civ. P. 50(b). Defendant was thus free to appeal the judgment entered herein by filing a notice of appeal with the Clerk of this Court on or before April 23, 1984. Fed. R. App. P. 4(a) and 26(a). Defendant failed to do so and by motion of May 9, 1984, seeks an extension of time within which to file its notice of appeal.

The Federal Rules of Appellate Procedure condition the grant of an extension of time for filing a notice of appeal "upon a showing of excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

■ Counsel for defendant avers that defendant's failure to timely file its notice of appeal was occasioned by a "severe debilitating accident" suffered by said counsel's father, which accident and ensuing "medical emergency" required counsel's undivided attention from Friday, April 20th through Friday, April 27th. As admirable as we may find this filial devotion, it does not excuse defendant's failure to file its notice of appeal between Friday, April 27th and Wednesday, May 9th. That counsel spent much of the latter period preparing for the trial of other matters does not excuse the failure to attend to the insubstantial task of filing a notice of appeal. Like the Court of Appeals for the First Circuit, "[W]e do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect." Pinero Schroeder v. Federal National Mortgage Association, 574 F.2d 1117, 1118 (1st Cir. 1978). See also Selph v. Council of City of Los Angeles, 593 F.2d 881 (9th Cir. 1979).

■ As defendant has not demonstrated that its failure to file timely notice of appeal was the result of excusable neglect, its motion for extension of time to file notice of appeal will be denied. See M.B.M., Inc. v. George, 20 V.I. 365 (D.C.V.I. 1983).

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant V.I. Enterprises, Inc., for extension of time to file its notice of appeal be, and the same is, hereby DENIED.