Michael R. MONKELIS, Appellant,

v.

MOBAY CHEMICAL, Appellee.

No. 87–3095.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 18, 1987.

Decided Sept. 2, 1987.

Michael R. Monkelis, pro se.

John J. Myers, Peter J. Ennis, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellee, Mobay Corp.

Before GIBBONS, Chief Judge, and WEIS and SLOVITER, Circuit Judges.

**938**

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Michael R. Monkelis appeals from a summary judgment in favor of his former employer, Mobay Chemical. His complaint alleges federal jurisdiction based on alleged violations of 29 U.S.C. § 1140, and pendent state law claims. The district court, applying a borrowed six year state law statute of limitations, concluded that Monkelis' federal law claim was time barred, and declined to exercise pendent jurisdiction over the state law claims.

Monkelis contends the trial court erred in holding that his complaint was untimely. The last day of his employment was April 11, 1980. His complaint was filed on Monday, April 14, 1986. We conclude that, contrary to plaintiffs' contention the statute of limitations expires on the anniversary date of the event, not the day following. In determining the final date of the limitations period, we follow the method of calculation used in Fed.Rule Civ.P. 6(a) at least in nondiversity cases. *See Lawsen v. Conyers Chrysler, Plymouth,* 600 F.2d 465 (5th Cir.1979); *Bledsoe v. HUD,* 398 F.Supp. 315, 320 (E.D.Pa.1975), 4 Wright & Miller, Fed.Practice & Procedure § 1163. Assuming, without deciding, that a six year limitation period applies, the statute in this case expired on Friday, April 11, 1986. Thus, it avails the plaintiffs nothing to exclude Saturday and Sunday, April 12 and 13 as permitted by Fed.R.Civ.P. 6(a). Monday, April 14, the day on which the complaint was filed was still one calculable day late. Thus we agree that the action was time barred. Monkelis relying on *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), urges that the statute of limitations was tolled until April 28, 1980, when Mobay finally notified him that his request for reconsideration of the termination had been denied. *Bonham* lends no support. The termination on April 11, 1980 was final and unequivocal. *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Since we hold that the district court did not err in granting summary judgment on statute of limitation grounds there is no need to address Mobay's alternative ground for affirmance, the judgment preclusion effect of a Pennsylvania State Court judgment in Mobay's favor.

The judgment appealed from will be affirmed.