**KANSAS PACKING CO., INC., Plaintiff**

**v.**

**JOSE LAVILLA, MICHAEL BALL and CARIBBEAN CAVIAR CORP. a/k/a CARIBBEAN CAVIAR CORPORATION and/or CARIBBEAN CAVIAR, INC., Defendants**

Civ. No. 556/1996

Territorial Court of the Virgin Islands

Div of St. Thomas and St. John

August 27, 1998

JOSEPH ARELLANO, ESQ., (CAMPBELL, ARELLANO & RICH), St. Thomas, U.S.V.I., *for plaintiff*

HOLLAR, *Judge*

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's January 16, 1998 motion for reconsideration of this Court's Order of January 5, 1998, regarding Plaintiff's December 29, 1997 motion for indemnification of costs and fees pursuant to 5 V.I.C. § 541. Plaintiff also filed, on January 16, 1998, an alternative motion for enlargement of time to file its motion for attorney's fees which this Order shall address.

### I. PROCEDURAL HISTORY

This matter came before the Court for trial on December 3, 1997. The Court had previously issued an entry of default against

defendant Caribbean Caviar and had dismissed this action against Mr. Michael Ball in his individual capacity as a defendant. At trial, the Plaintiff stated it was not prepared to go forward against the other individual defendant, Jose Lavilla, and the action was accordingly dismissed as against him individually also. The Court, having heard the deposition and live testimony of the parties, and having considered the evidence, signed a Judgment dated December 8, 1997, which was entered on December 9, 1997 against Caribbean Caviar Corp., a/k/a Caribbean Caviar Corporation and/or Caribbean Caviar, Inc., in the principal amount of Seven Thousand Nine Hundred Nineteen Dollars and Fifty-Seven Cents ($7,919.57), plus prejudgment interest at the statutory rate of nine percent (9%) from January 1, 1994 through December 3, 1997. The Court also ordered that upon submission of a timely and appropriate affidavit, costs and attorney's fees, in accordance with 5 V.I.C. § 541 *et seq.*, would be considered.

On December 30, 1997, Plaintiff, as the prevailing party, filed a motion for indemnification of costs and fees pursuant to 5 *V.I.C.* § 541, accompanied by a memorandum of law in support thereof and an itemized attorney's certification of fees and costs. In its motion and accompanying documents, Plaintiff certified that it actually incurred the sum of Eight Thousand Two Hundred Thirty Two Dollars ($8,232.00) in reimbursable attorney's fees, however plaintiff voluntarily reduced the requested award to the amount of Six Thousand Dollars ($6,000.00), representing approximately seventy-five percent (75%) of its actual legal expenses. On January 5, 1998, this Court pursuant to *Fed.R.Civ.P. 54(d)(1)* granted Plaintiff's motion for costs, awarding it the amount of One Hundred Thirty Five Dollars ($135.00), and denied Plaintiff's motion for attorney's fees as untimely under *Fed.R.Civ.P.* 54(d)(2)(B). Plaintiff now seeks this Court's reconsideration of the denial of attorney's fees.

## II. DISCUSSION

### A. Fed.R.Civ.P. 54(d)(2)(B) Is Applicable To Litigants In The Territorial Court For Purposes Of Establishing Time Limits And Other Matters Not Inconsistent With 5 V.I.C. § 541.

The Court is confounded by Plaintiff's arguments set forth in its motion for reconsideration. In a nutshell, the Plaintiff contends that

72

the time limits contained in *Fed.R.Civ.P.* 54(d)(2)(B) are inapplicable to motions for attorney's fees filed pursuant to 5 *V.I.C.* § 541 in the Territorial Court. In its condescending tone, Plaintiff stated in its memorandum, "[M]oreover, had the Territorial Court wished to make it clear to the Bar that it expected motions for attorney's fees to be filed within 14 days of judgment, then this Court could easily have adopted a local rule in the Territorial Court Rules expressly saying so, thereby putting the Bar on notice of same". Contrary to counsel's diatribe, *Terr.Ct.R.* 7, promulgated November 16, 1994, replaced V.I. Code Ann. tit. 5, App. IV. R. 7. The earlier rule was promulgated September 13, 1975. Thus, Plaintiff and "the Bar" have been on notice for nearly twenty-three (23) years that absent an express provision of law or local rule to the contrary, the *Federal Rules of Civil Procedure*, the *Federal Rules of Criminal Procedure* and the Federal Rules of Evidence are applicable. The current Rule 7 states: "[T]he practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court *and, to the extent not inconsistent therewith*, by the. . . Federal Rules of Civil Procedure. . ." *Terr. Ct. R. 7* (emphasis added). Notwithstanding the fact that the Territorial Court is not a federal court, it nevertheless conforms to the *Federal Rules of Civil Procedure* where there is no local rule or statute to the contrary. *Investigations Unlimited v. All American Holding Corp.*, 16 V.I. 524 (Terr. Ct. St.T. and St.J. 1979). As a result, the Court must first look to 5 *V.I.C.* § 541 to determine whether there is, contained in the statute itself, a provision establishing a time period within which a prevailing party must motion the Court for an award of attorney's fees under subsection (b). Under 5 *V.I.C.* § 541(b), the statute reads, in pertinent part:

> "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto. . ." 5 *V.I.C.* § 541(b).

Since, the statute is void of any fixed time period for the filing of motions for attorney's fees, and there is no local rule to the

contrary, the *Federal Rules of Civil Procedure* must be applied. Under *Fed.R.Civ.P.* 54(d)(2)(B), the statute reads, in pertinent part:

> "Unless otherwise provided by statute or order of the court, the motion (for recovery of attorney's fees) must be filed and served *no later than 14 days after entry of judgment*; must specify the judgment and the statute, rule or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. . ." *Fed.R.Civ.P* 54(d)(2)(B). (Emphasis Added).

In the matter *sub judice*, the Court Order, while signed on Monday, December 8, 1997, was not entered by the Clerk of the Court until Tuesday, December 9, 1997. Therefore, the 14 day time period prescribed by *Fed.R.Civ.P.* 54(d)(2)(B) began to run the following day, Wednesday, December 10, 1997. Under a computation of time based upon *Terr. Ct. R.* 9, Plaintiff's motion for indemnification of attorney's fees was required to be filed on or before Tuesday, December 23, 1997. Instead of filing by Tuesday, December 23, 1997, Plaintiff filed its motion for indemnification on December 30, 1997, without seeking leave of court for additional time as required by *Terr. Ct. R.* 10(a)(2).

■ Counsel for Plaintiff then boastfully argues that ". . . in 20 years of practice in this jurisdiction . . . [he] has never seen a prevailing party in this jurisdiction file a motion for costs pursuant to *Fed.R.Civ.P.* 54(d), [but] rather . . . have referenced, or been pursuant to, 5 *V.I.C.* § 541." Rather than rely upon his years of "practice", counsel should have looked more carefully at the very language of this Court's Order of December 8, 1997, which specifically directed the "timely" submission of an appropriate affidavit regarding costs and attorney's fees in accordance with 5 *V.I.C..* § 541 *et. seq.* Since a time provision is absent from Section 541, counsel should have followed other applicable time limit provisions. Accordingly, Plaintiff's motion for reconsideration, based upon its arguments regarding the inapplicability of *Fed.R.Civ.P.* 54(d), must be denied.

**B. Counsel's Reasons For Not Filing His Client's Motion For Indemnification Of Attorney's Fees, Within The Time Spec-**

**ified In Fed.R.Civ.P. 54(d)(2)(B), Do Not Constitute *"Excusable Neglect"* Within The Meaning Of *Terr.Ct.R.* 10(a)(2).**

Alternatively, Plaintiff filed a motion for enlargement of time, pursuant to *Terr. Ct. R.* 10(a)(2), accompanied with a memorandum in support thereof and an affidavit of counsel on the same date it filed its motion for reconsideration. The Court is mindful that the purpose of Rule 54(d) is to reduce the probability that delay will result in substantial hardship and unfairness to the parties. *Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities, Inc.,* 823 F.Supp. 1188 (E.D.Pa. 1993). The Court is equally cognizant that only Mr. Michael Ball, a shareholder and officer of the corporate Defendant, was present on behalf of Defendant. No attorney appeared on behalf of Defendant Caribbean Caviar Corp. a/k/a Caribbean Caviar Corporation and/or Caribbean Caviar, Inc. at trial. Moreover, as of the date of this Memorandum Opinion and Order, no objection nor opposition has been filed by any of the named Defendants opposing Plaintiff's motion for indemnification of costs and attorney's fees nor the motion for enlargement of time to file its motion for attorney's fees. Finally, as set forth above, under the computation of time in accordance with *Terr. Ct. R.* 9, Plaintiff's motions were filed seven (7) days late.

■ In counsel's affidavit, he indicated that a copy of the Court Order of December 9, 1997, was received at his office on December 11, 1997. Due to a previously entered Order by the Circuit Court for the 17th Judicial Circuit, counsel flew to Miami, Florida on December 13, 1997, to prepare for and attend a mediation on December 15, 1997 and returned to the Virgin Islands during the evening of December 16, 1997. Additionally, counsel states that the following two days, December 17 and 18, 1997, were consumed by his duties with the V.I. Bar Association in his capacity on the Ethics and Grievance Committee, in four related consolidated matters before the Presiding Judge of the Territorial Court against a member of the Bar which resulted in the member's disbarment. Finally, counsel stated that during the same remaining few days before the time limit would expire in the instant matter, he had to amend and file a complaint which needed the approval of his client, who resided in South Africa. Given the scenario, counsel

could have requested an enlargement of time under *Terr.Ct.R. 10(a)(1)*, *before* the expiration of time to file a motion, for *"cause shown"*. By waiting until *after* the expiration of time, enlargements of time may only be granted for *"excusable neglect"*. Here, the reason for the late filing was obviously not for "excusable neglect", but rather "ignorance of the law" since counsel could have easily requested on enlargement of time prior to the expiration set in *Fed.R.Civ.P.* 54(d) on mere *cause shown* grounds. While the fact that an attorney is busy on other matters may qualify as *cause shown*, it does not fall within the definition of "excusable neglect". *Pedereaux v. Doe*, 21 V.I. 64 (D.C.V.I. 1984); *Pinero Schroeder v. Federal National Mortgage, Association*, 574 F.2d 1117, 1118 (1st. Cir. 1978); *Selph v. Council of City of Los Angeles*, 593 F.2d 881 (9th Cir. 1979). Hence, enlargement of time *after* the expiration of time provided by *Fed.R.Civ.P. 54(d)(2)(B)* is denied.

### III. CONCLUSION

In light of the foregoing, the Court finds that counsel for Plaintiff and the V.I. Bar have been on constructive notice since September 13, 1975 when V.I. Code Ann. tit. 5, App. IV. R. 7 was promulgated and again since November 16, 1994, when *Terr.Ct.R.* 7 was promulgated, that the time period for filing motions pursuant to 5 *V.I.C.* § 541 is 14 days, as set forth in *Fed.R.Civ.P.* 54(d)(2)(B), unless otherwise ordered by the Court. Accordingly, the motion for reconsideration of this Court's January 5, 1998 Order is denied. The Court further finds that the motion to enlarge the time to file for indemnification of attorney's fees after the expiration of time was unsupported by excusable neglect and is therefore also denied.

### ORDER

In consideration of the Memorandum Opinion of even date, it is hereby

ORDERED, that the motion for reconsideration of this Court's Order of January 5, 1998 is DENIED; and it is further

ORDERED, that the motion for enlargement of time to file motion for attorney's fees is DENIED; and it is further

ORDERED, that a copy of this Order shall be directed to counsel of record for Plaintiff.