**JESSICA BAPTISTE, Plaintiff**
**v.**
**HOVENSA, LLC, Defendant**

Civil No. 512/2002

Superior Court of the Virgin Islands

Division of St. Croix

December 30, 2005

LEE ROHN, ESQ., Law Offices of Rohn & Cameron, LLC, U.S. Virgin Islands, *Attorney for Plaintiff.*

CARL A. BECKSTEDT, III, ESQ., Bryant, Barnes & Moss, LLP, Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for Defendant.*

CABRET, *Judge*

## MEMORANDUM OPINION

(December 30, 2005)

THIS MATTER is before the Court on Defendant Hovensa's Motion to Dismiss, or in the Alternative, for Summary Judgment. This action arose out of an alleged injury that occurred on or about Monday, August 7, 2000, while Plaintiff was working for Jacobs Industrial Maintenance Company at Defendant's Hovensa refinery. She was a passenger on a bus owned by Defendant, which was used to transport workers to and from their intended job site at the Hovensa refinery. Plaintiff alleges that she was injured when she fell while riding this bus because the bus was in a defective condition. Plaintiff filed this action with the Clerk of the Superior Court on Thursday, August 8, 2002. The Motion before the Court asserts that the statute of limitations for Plaintiff's cause of action expired before Plaintiff filed her Complaint, and therefore, Plaintiff's action is not timely and should be dismissed. Plaintiff Jessica Baptiste ("Plaintiff") filed an Opposition to Defendant's motion asserting that the action is timely under Virgin Islands law. For the following reasons, Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment shall be decided as a motion for summary judgment, and judgment shall be entered in favor of the Defendant.

## I. SUMMARY JUDGMENT

■ Defendant's Motion is captioned as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion for summary judgment under Federal Rule of Civil Procedure 56.[1] A motion to dismiss a complaint must be filed before any responsive pleading. *Turbe*

---

[1] The Federal Rules of Civil Procedure apply in the Superior Court by virtue of Superior Court Rule 7, to the extent they are not inconsistent with the Rules of the Superior Court.

*v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Unlike a motion to dismiss, a defending party may move at any time for a summary judgment in the party's favor. FED. R. CIV. P. 56(b).[2] *See also Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976). Consequently, because Defendant filed its motion after it had answered the complaint, the motion will be considered a Rule 56 motion for summary judgment.

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to a ruling as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In reviewing a motion for summary judgment, the Court must view all evidence and factual inferences in the light most favorable to the non-movant and resolve all doubts in the non-movant's favor. *See Celotex*, 477 U.S. at 325. A factual issue is material if it would affect the outcome of an action and allow a reasonable jury to find for the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52, 106 S. Ct. 2505, 2511-12, 91 L. Ed. 2d 202 (1986).

## II. DISCUSSION

Defendant asserts that Plaintiff's action is time-barred because she filed her claim two years and one day after the injury occurred and the statute of limitations for personal injury claims is two years under title 5, section 31(5)(A) of the Virgin Islands Code. V.I. CODE ANN. tit. 5, § 31(5)(A) (1997).[3] Plaintiff disagrees, and maintains that pursuant to

---

[2] Federal Rule of Civil Procedure 56(b) provides:
   Rule 56. Summary Judgment
   (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

[3] Title 5, section 31(5)(A) of the Virgin Islands Code states:
   § 31. Time for commencement of various actions
   Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
   (5) Two years -
   (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

Rule 6(a) of the Federal Rules of Civil Procedure, the statute of limitations began to run on August 8, 2000, the day following the accident, and argues that her filing on August 8, 2002 was therefore timely.

In calculating statute of limitations periods, the Court is guided by Superior Court Rule 9, which mirrors the language of Federal Rule of Civil Procedure 6(a).[4] Rule 9 was enacted in 1994 and provides:

Computation of Time

> In computing any period of time prescribed or allowed by these rules, *the day of the act, event or default from which the designated period of time begins to run shall not be included.* The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday.

SUPER. CT. R. 9 (emphasis added). Neither party disputes that Plaintiff's cause of action accrued on August 7, 2000, the date of her injury, and Superior Court Rule 9 instructs that in computing the limitations period, the day of the act or event from which the designated period begins to run must be excluded. Therefore, while the statute of limitations began to run on the day of the alleged injury, when computing the period prescribed by the statute to commence an action, the day of the injury is not included. As the injury occurred on August 7, 2000, the first day counted towards the time period prescribed by the statute of limitations is August 8, 2000.

Superior Court Rule 9 does not have an extensive body of case law interpreting its application, therefore the Court will look to how Federal Rule of Civil Procedure 6(a), which is mirrored by Superior Court Rule 9, has been applied. The Third Circuit Court of Appeals was confronted

---

[4]   Rule 6(a) of the Federal Rules of Civil Procedure states:

COMPUTATION. In computing any period of time prescribed or allowed by these rules...or by any applicable statute, the *day of the act, event or default from which the designated period of time begins to run shall not be included.* The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday...

FED. R. CIV. P. 6(a) (emphasis added).

with the question of how the applicable six-year statute of limitations for filing a claim under the Federal Employee Retirement Income Security Act ("ERISA") should be measured. *Monkelis v Mobay Chem.*, 827 F.2d 937, 938 (3d Cir. 1987). In that case the plaintiff's term of employment had ended on April 11, 1980 and the plaintiff had filed suit on Monday April 14, 1986.[5] The Court applied Rule 6(a) and began counting the statute of limitations period on April 12, 1980, the day after the end of plaintiff's employment. In calculating the statute of limitations period, April 12, 1980 became the first day of the limitations period, making Friday April 11, 1986 the last day of the sixth and final year of the limitations period. The Court of Appeals concluded that the six-year statute of limitations period expired on Friday, April 11, 1986, the anniversary date of the event. *Monkelis* at 938. Accordingly, the Court reasoned that "the statute of limitations expires on the anniversary date of the event, not the day following." *Monkelis* at 938.

Eight years before the *Monkelis* decision, the District Court of the Virgin Islands adopted the same method for measuring statutes of limitations in the case of *Smith v. Kenny.* 16 V.I. 411, 412, 84 F.R.D. 113, 114 (D.V.I. 1979). In *Smith v. Kenny,* the District Court considered the same Virgin Islands statute of limitations for personal injuries presently before this Court, title 5, section 31(5)(A), and the District Court applied Federal Rule of Civil Procedure 6(a) to the applicable statute of limitations period. *Smith* at 412. The injury in question in *Smith* occurred on June 10, 1977. Applying Rule 6(a), the computation of the two-year statute of limitations period began on June 11, 1977 the day after the cause of action arose, making the last day of the two-year limitations period June 10, 1979. Because June 10, 1979 fell on a Sunday, the plaintiff had until the following business day in which to file suit.[6] Rule 6(a) provides that when the last day of the limitations period

---

[5] Plaintiff argued that the applicable statute of limitations allowed him until April 12, 1986 to file his claim and that because April 12 was a Saturday he was allowed to file on the following Monday which was April 14, 1986.

[6] Both Superior Court Rule 9 and Federal Rule 6(a) state that the last day of the time period is tolled to the next business day when it falls on a Saturday, Sunday, or legal holiday. The Local Rules of Civil Procedure of the District Court of the Virgin Islands expand the list of holidays enumerated in Federal Rule 6(a) by "any other day appointed as a holiday by the President or Congress of the United States, or by the Territory of the Virgin Islands. Virgin Islands holidays shall include those enumerated in 1 V.I.C. § 171(a). ..." LRCi 6.1.

falls on a Sunday or holiday, the parties have until the following business day in which to file suit. Therefore, the parties in Smith were given until Monday, June 11, 1979 to file their claim. *Smith* at 413.

These cases demonstrate that both the Third Circuit Court of Appeals and the District Court of the Virgin Islands have applied Federal Rule 6(a) in the same manner when calculating statute of limitations periods. While the judicial decisions that have applied Superior Court Rule 9 are limited to one opinion, it is apparent that the Superior Court has applied Rule 9 in the same manner that the above referenced courts have applied Federal Rule 6(a). *Kansas Packing Co. v. Lavilla*, 39 V.I. 71 (Terr. Ct. 1998). In *Kansas Packing Co. v. Lavilla,* the Court was applying Rule 9 to the 14 day time limit imposed by Federal Rule of Civil Procedure 54(d)(2)(B) to file a motion for attorney's fees pursuant to 5 V.I.C. § 541. The Court entered an order on Tuesday, December 9, 1997 allowing the submission of the appropriate motion for the Court's consideration. The Court found that under a computation of time based upon Rule 9, the first day of the 14 day time period allowed to file the motion was Wednesday December 10, 1997 and the last day allowed to file the motion was Tuesday, December 23, 1997.

The parties in this case do not dispute that under title 5 section 31(5) of the Virgin Islands Code a two-year statute of limitations period applies to this action. This Court must now determine how the two-year statute of limitations period should be calculated in accordance with Superior Court Rule 9. This Court has previously held that, "as a general proposition, 'a statute of limitations begins to run upon the occurrence of the essential facts which constitute the cause of action.'" *Whitaker v. Merrill Lynch*, 36 V.I. 75, 81 (Terr. Ct. 1997) (quoting *Simmons v. Ocean*, 19 V.I. 232, 235, 544 F. Supp. 841, 843 (D.V.I. 1982)).

As alleged in the Complaint, the accident that allegedly caused Plaintiff's injury occurred on August 7, 2000. The pleadings establish, and neither party argues otherwise, that the accident and Plaintiff's ensuing injuries provided the essential notice to Plaintiff that the statute of limitations had begun to run and that legal action to address any harm must be taken within the limitations period. Since Plaintiff was on notice of her injury on August 7, 2000, Superior Court Rule 9 instructs the Court that "the day of the act [or] event ... from which the designated period of time begins to run shall not be included." SUPER. CT. R. 9. Therefore, the limitations period should be calculated using August 8,

2000 as the first day of the two-year time period allowed to file an action.

█ When the Virgin Islands Code uses the word "year," as it does in Title 5, section 31 to designate limitations periods, the Code instructs that this should be read as meaning a calendar year.[7] V.I. CODE ANN. tit. 1, § 41 (1995)[8]; *See Millar v. Yates*, 6 V.I. 525, 530 (Mun. Ct. St. C. 1968). This Court applied Superior Court Rule 9 and began counting the statute of limitations period on August 8, 2000, the day after the Plaintiff was allegedly injured. In calculating the statute of limitations period, August 8, 2000 became the first day of the first year, which meant that August 7, 2002 was the last day of the second year of the limitations period.

█ Because a two-year statute of limitations applies in this matter, the Plaintiff was required to bring her claim by the last day of the second calendar year of the limitations period. In this case, the last day of the second calendar year was August 7, 2002, the anniversary date of the accident. Since Plaintiff waited until August 8, 2002 to file her claim, her cause of action is time-barred by the statute of limitations. Therefore, entering summary judgment in favor of Defendant is proper.

---

[7] For purposes of the case that is presently before the Court, a two-year statute of limitations period running from August 2000 through August 2002 equals 730 days, or the equivalent of two full calendar years. The Court should note, however, that although the year 2000 was a leap year, the time period in question began after February 29, 2000. When a time period spans a leap year, each year is still treated as a calendar year under the statute even though one of the years contains 366 days. 1 V.I.C. § 41. For example, under a two-year statute of limitations, parties should receive the benefit of two full calendar years, regardless of whether one of the years is a leap year. *See United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir. 1993) (the term "year" in a federal statute means a calendar year, not 365 days); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (statutes of limitations expire on anniversary dates even when they span leap years); *Merriweather v. City of Memphis*, 107 F.3d 396, 399 (6th Cir. 1997) (when a statute defines a year as a calendar year, all years should be treated the same, regardless of whether they have 365 or 366 days).

[8] Title 1, section 41 of the Virgin Islands Code provides: "As used in this Code or in any Act of the Legislature, unless it is otherwise provided or the context requires a different construction, application, or meaning ... 'year' means a calendar year, and is equivalent to the words 'year of our Lord'.

## III. CONCLUSION

The Superior Court of the Virgin Islands applies Superior Court Rule 9 when calculating Virgin Islands statutes of limitations periods. Accordingly, when computing the statute of limitations period for the present case, the day on which Plaintiff's claim arose is not included. Here, Plaintiff was required to file her claim no later than the second anniversary of the date of her accident. This Court concludes that the two-year statute of limitations period expired on Wednesday, August 7, 2002, the anniversary date of the event. Since Plaintiff waited until August 8, 2002 to file her Complaint, the statute of limitations had already lapsed and her claim is time-barred. Therefore, summary judgment shall be entered in favor of the Defendant.