

**FILED**
April 06, 2023 09:05 AM
SX-2021-CR-00201
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | **SX-2021-CR-201** |
| **Plaintiff,** | |
| vs. | |
| **NAHJEEB ACEVEDO,** | **CITE AS: 2023 VI SUPER 12** |
| **Defendant.** | |

**Appearances:**
**Jared W. Burke, Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For People of the Virgin Islands*

**H. Hannibal O'Bryan, Esq.[1]**
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Nahjeeb Acevedo*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Senior Sitting Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Nahjeeb Acevedo's (hereinafter "Defendant") motion to dismiss, filed on November 16, 2021,[2] and the People of the Virgin Islands' (hereinafter "People") motion to file their opposition to Defendant's motion to dismiss out of time, filed on January 28, 2022.[3]

---

[1] Yolan Brow Ross, Esq. was the counsel of record at the time that the motion was filed, but she has since left the Office of Territorial Public Defender and is currently sitting as a magistrate judge in the Superior Court of the Virgin Islands.

[2] In response to Defendant's motion to dismiss, the People filed an opposition, Defendant filed a reply thereafter, and the People filed a supplement to their opposition to Defendant's motion to dismiss thereafter.

[3] In response to the People's motion to file document out of time, Defendant filed an opposition.


## BACKGROUND

¶ 2    On August 31, 2021, the People filed an eleven-count information against Defendant based on events that allegedly took place on or about July 30, 2021, in the vicinity of LaGrange, Frederiksted, U.S. Virgin Islands, as set forth in the affidavit of Police Detective Teaclla Buckley (hereinafter "Detective Buckley"), dated August 31, 2021. The information charged Defendant with the following counts:

Count One. NAHJEEB ACEVEDO acting with malice aforethought did willfully deliberately and with premeditated design attempt to kill Police Officer Almont King by shooting at him in violation of Title 14 V.I.C. § 922(a)(1)/331(1) (ATTEMPTED MURDER IN THE FIRST DEGREE).

Count Two. NAHJEEB ACEVEDO acting with malice aforethought did willfully deliberately and with premeditated design attempt to kill Police Officer Nick Felicien by shooting at him in violation of Title 14 V.I.C. § 922(a)(1)/331(1) (ATTEMPTED MURDER IN THE FIRST DEGREE).

Count Three. NAHJEEB ACEVEDO, when not authorized by law possessed a firearm during the commission or attempted commission of a crime of violence to wit attempted murder and/or assault in the third degree in violation of Title 14 V.I.C. § 2253(a) (UNAUTHORIZED POSSESSION OF A FIREARM DURING THE COMMISSION OF A CRIME OF VIOLENCE).

Count Four. NAHJEEB ACEVEDO, when not authorized by law possessed a firearm within a vehicle during the commission or attempted commission of a crime of violence to wit a white four door Kia Sportage with no rear license plate displayed in violation of Title 14 V.I.C. § 2253(a) (UNAUTHORIZED POSSESSION OF A FIREARM WITHIN A VEHICLE).

Count Five. NAHJEEB ACEVEDO, when not authorized by law possessed a firearm during the commission or attempted commission of a crime of violence and did so within 1000 feet of a housing community to wit Marley Homes in violation of Title 14 V.I.C. § 2253(f) (UNAUTHORIZED POSSESSION OF A FIREARM W/I 1000 FEET OF A HOUSING COMMUNITY).

Count Six. NAHJEEB ACEVEDO did assault Police Officer Almont King and Police Officer Nick Felicien with a deadly weapon by shooting at them with a firearm in violation of Title 14 V.I.C. § 297(a)(2) (ASSAULT IN THE THIRD DEGREE).

<u>Count Seven</u>. NAHJEEB ACEVEDO did assault Police Officer Almont King and Police Officer Nick Felicien fully uniformed police officers acting in their official capacity with a deadly weapon by shooting at them with a firearm in violation of Title 14 V.I.C. § 297(b) (ASSAULT IN THE THIRD DEGREE).

<u>Count Eight</u>. NAHJEEB ACEVEDO, when not in self-defense or in the discharge of official duty did willfully discharge a firearm in a place where there was a person who may be injured thereby to wit on or about a public roadway with other people present in violation of Title 23 V.I.C. § 479(a) (DISCHARGING OR AIMIING FIREARMS).

<u>Count Nine</u>. NAHJEEB ACEVEDO when not entitled to possession of a vehicle without the consent of the owner and with intent to deprive him temporarily or otherwise of the vehicle or its possession used and/or drove a white four door Kia Sportage with no rear license plate displayed in violation of Title 14 V.I.C. § 1382 (UNAUTHORIZED USE OF A VEHICLE).

<u>Count Ten</u>. NAHJEEB ACEVEDO, under circumstances evidencing a depraved indifference to human life did recklessly engage in conduct in a public place which created a grave risk of death to others to wit discharging a firearm on or about a public roadway with other people present including uniformed police officers in violation of 14 V.I.C. § 625(a) (RECKLESS ENDANGERMENT FIRST DEGREE).

<u>Count Eleven</u>. NAHJEEB ACEVEDO, when not authorized by law did possess firearm ammunition in violation of Title 14 V.I.C. § 2256 (a) (UNAUTHORIZED POSSESSION OF AMMUNITION).

A copy of Detective Buckley's affidavit was filed with the information. In his affidavit, Detective Buckley essentially stated: (i) On July 30, 2021, at approximately 8:16 p.m., while working in the capacity as a Police Detective for the Virgin Islands Police Department, the 911 dispatcher "relay[ed] that the Special Operations officers transmitted via radio that they were attempting to conduct a traffic stop… in La Grande vicinity of Frederikshaab Frederiksted, St. Croix and that shots were fired and that there were two individuals trapped inside of the vehicle…[and] requested via radio for ambulance and to have additional units travel to assist." (Buckley Aff. ¶ 2); (ii) Detective Buckley arrived at the scene to assist, observed the scene, and interviewed Officer 1 and Officer 2. Officer 1 and Officer 2 essentially stated to Detective Buckley that they recognized a stolen vehicle while on foot patrol, that they entered their police unit (with the words "POLICE"

displayed on the unit) and attempted to conduct a traffic stop, that the operator of the stolen vehicle led them on a high-speed chase which resulted in the stolen vehicle running off the road and rolling onto its side, that shots were discharged at them from inside the stolen vehicle as they approached the stolen vehicle, that they returned fire, that Defendant fled from the stolen vehicle, that Defendant disobeyed their verbal commands to show his hands, that Defendant stated he was shot and subsequently crawled back to the stolen vehicle and was handcuffed, and that three other 17-year-old minors from the vehicle were also handcuffed. (Buckley Aff. ¶¶ 4B-4H); (iii) At the hospital, Detective Buckley mirandized Defendant and then interviewed Defendant. Defendant essentially stated that he got a ride after leaving the Marley Homes basketball court, that he didn't know the driver or the occupants of the vehicle, that he got in the front passenger seat and took a nap, that he saw the police blue lights when he opened his eyes, that the driver began to speed, that the vehicle eventually flipped, that he heard shots being discharged from outside of the vehicle, that he broke the windshield to exit the vehicle, that he began running until he was shot, that no shots were discharged from inside the vehicle, that the only shots fired were from the police officers, that he does not own a firearm, and that he does not have a license to carry one. (Buckley Aff. ¶ 4J); and (iv) A check was made in the area and evidence was collected. Subsequently, the stolen vehicle was processed and evidence was collected. (Buckley Aff. ¶¶ 4I, 4M.)

¶ 3    On September 4, 2021, a scheduling order was entered in this matter. According to the scheduling order, oppositions are due fifteen (15) days after the motions are filed. (Sched. Order.)

¶ 4    On November 16, 2021, Defendant filed a motion to dismiss. On January 28, 2022, the People filed an opposition to Defendant's motion to dismiss and a motion to file document out of time. In response, Defendant filed a reply to the People's opposition and an opposition to the

People's motion. Thereafter, the People filed a supplement to their opposition to Defendant's motion to dismiss.

## DISCUSSION

### 1. The People's Motion to File Document Out of Time

¶ 5     On January 28, 2022, the People filed their opposition to Defendant's motion to dismiss and contemporaneously filed a motion to file their opposition out of time. In their motion, the People explained that the "[u]ndersigned counsel has been tasked with preparing the Government's response but has been extremely busy meeting numerous court obligations."[4] (Motion 1.)

¶ 6     In his opposition, Defendant argued that the Court should deny the People's motion "along with any other relief deemed necessary and appropriate." (Opp. 3). Defendant made the following assertions in support of his argument: (i) "In this matter, Attorney Simpson [sic] sole excuse for her beyond untimely filing of the People's opposition. However, in both criminal and civil forums, the Court has consistently held that a busy schedule does not rise to the level of excusable neglect."[5] (Id., at 2); and (ii) "The People's busy schedule assertion does not rise to the level of excusable neglect." (Id., at 3.)

### A. Standard of Review

¶ 7     Rule 45(b)(1) of the Virgin Islands Rules of Criminal Procedure (hereinafter "Rule 45(b)(1)") provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before

---

[4] Amie M. Simpson, Esq. was the counsel for the People that filed the motion to file document out of time. However, Amie M. Simpson, Esq. has not filed a notice of appearance for the People in this matter; Esther R. Walters, Esq. filed a notice of appearance for the People on October 19, 2021 and no other notice of appearance has been filed.

[5] Defendant referenced: V.I. R. CRIM. P. 45(b)(1); *Hills v. Whitecap Investment Corp.*, 2016 VI LEXIS 11, *6 (Sup. Ct. February 8, 2016); *Barshinger v. Legislature of the Virgin Islands*, 2014 VI LEXIS 99, *7-*8 (Sup. Ct. November 10, 2014); *People v. Rivera*, 54 V.I. 116, 124 (Sup. Ct. November 17, 2010).

the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect." V.I. R. CRIM. P. 45(b)(1).

### B. Analysis

¶ 8      The Court must note at the outset that the People's motion to file document out of time was perfunctory and made without supporting authority—to wit, the People failed to cite any relevant authority showing that counsel's "extremely busy" schedule warrants an extension of deadline. In fact, the People failed to even cite the relevant rule upon which they relied on for the motion. "It is not the Court's job to research and construct legal arguments open to parties … In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66). The Court declines to make such argument on the People's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Furthermore, as Defendant correctly pointed out in his opposition, being extremely busy, by itself, does not establish excusable neglect. "[C]ourts in the Virgin Islands have consistently held that 'a busy schedule of counsel, by itself, does not establish excusable neglect.'" *Edwards v. Hess Oil V.I. Corp.*, 69 V.I. 136, 142 (V.I. Super. Ct. June 28, 2017) (quoting *Barshinger v. Legislature of the V.I of the U.S.*, 2014 V.I. LEXIS 99, *7 (V.I. Super. Ct. Nov. 10, 2014) (footnote omitted) (unreported) (quoting *People v. Rivera*, 54 V.I. 116, 124 (V.I. Super. Ct. 2010)). "A moving party must show more than merely being 'too busy' to have responded." *Edwards*, 69 V.I. at 142 (quoting *GRS Dev. Co. v. Jarrett*, 45 V.I. 211, 216 (V.I. Terr. Ct. 2003) (citing *Kan. Packing Co. v. Lavilla*, 39 V.I. 71 (V.I. Terr. Ct. 1998)). In this instance,

the People failed to provide any other basis to establish that they failed to act because of excusable neglect. Additionally, the People also failed to provide any basis to establish good cause for the Court to extend the deadline. As such, the Court will deny Plaintiff's motion to file document out of time and strike from the record the People's opposition to Defendant's motion to dismiss. *See* V.I. R. CRIM. P. 45(b)(1).

## 2. Defendant's Motion to Dismiss

¶ 9     In his motion,[6] Defendant moved to dismiss the Information for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) of the Virgin Islands Rules of Criminal Procedure. Defendant made the following assertions in support of his motion:[7] (i) "[T]he People's pleading fails to set forth any particularized criminal act on his part [and] if the People were to prove every fact alleged in its supporting Affidavit, the People would fail to satisfy the elements of any offense listed in the Information." (Memo. of Law 2); (ii) "[T]he People's Information merely recites the language of the various statutes." (Memo. of Law 2); (iii) "The information herein alleges that Mr. Acevedo was in a motor vehicle with three other individuals. When the police attempted to stop the vehicle, the driver increased speed and led them on a high speed chase. Nothing in the affidavit claims or

---

[6] As noted above, the Court will strike from the record the People's opposition to Defendant's motion to dismiss. Thus, the Court will not address Defendant's reply thereto. Additionally, the Court will also not address the People's supplement to their opposition to Defendant's motion to dismiss, which was filed without motion therefor and without the permission of the Court.

[7] Defendant referenced: V.I. R. CRIM. P. 3(b) (the information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…"); *United States v. Rankin*, 870 F.2d 109, 112 (3d 1989) (The test provides that the Information must: "(1) include the elements of the offense charged, (2) inform the defendant of what he must prepare to meet, and (3) give the defendant an opportunity to accurately demonstrate to what extent he may plead a former acquittal or conviction in case of a subsequent prosecution."); *Russell v. United States*, 369 U.S. 749, 765 (1962) (quoting *United States v. Simmons*, 96 U.S. 360, 362 (1878)) ("An [information] not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him … is defective, although it may follow the language of the statute."); *Gonsalves v. People*, 70 V.I. 812, 848 (V.I. 2019) ("Since the charging information and probable cause affidavit are filed together, they should be viewed in tandem to determine if they satisfy the goal of putting the defendant on notice of the crimes with which [he] is charged…"); *People v. Whyte*, 62 V.I. 95, 102 (Sup. Ct. Jan. 22, 2015) (quoting U.S. v. Besnajian, 910 F.2d 1153, 1154 (3d 1990) ("In considering a defense motion to dismiss an [information], the [trial] court accepts as true the factual allegations set forth in the [information].").

even suggests that Mr. Acevedo was the driver of the vehicle; or that he in any way aided, abetted, or even encouraged the unnamed driver's actions." (Id., at 3); (iv) "The People further allege that when the police attempted to approach the vehicle after it crashed, they encountered gunfire coming from the vehicle. Nothing in the affidavit suggests that Mr. Acevedo was in any way responsible for this alleged act." (Id.); (v) "The only actions actually attributed to Mr. Acevedo in the affidavit, based upon the officers' observations and Mr. Acevedo's alleged statement, are that he: 1) exited the vehicle after crash; 2) attempted to leave the scene of the accident; 3) was shot at some time during the incident; and 4) reported that the police was responsible for the gunfire." (Id.); (vi) "Nowhere in the affidavit does not [sic] allege that Mr. Acevedo ever possessed a firearm, much less any of the attendant charges. Moreover, Mr. Acevedo is not charged as a principal for any of the alleged conduct." (Id., at 4); and (vii) "Given the incongruities between the Information and the supporting affidavit, Mr. Acevedo waited to see if the discovery would provide some clarity. Unfortunately, the discovery consists primarily of Mr. Acevedo's medical records regarding the injuries sustained in the incident, and reports regurgitating the same noninformation as the affidavit." (Id.)

### A. Standard of Review

¶ 10    Rule 12(b)(3)(B) of the Virgin Islands Rules of Criminal Procedure allows the defendant to challenge the defect in the charging document, such as "failure to state an offense." V.I. R. CRIM. P. 12(b)(3)(B)(v). The Advisory Committee Comment to Rule 12(b) of the Virgin Islands Rules of Criminal Procedure provides that "[s]ubpart (b) identifies a range of pretrial motions that may raise any defense, objection, or request that the court can determine without a trial on the merits." In other words, in determining a motion to dismiss for failure to state an offense, the Court is only addressing Defendant's facial attack of the information's deficiency in the charges and not

addressing the merits of the information. *See People of the V.I. v. Whyte*, 62 V.I. 95, 102 (V.I. Super. Ct. Jan. 22, 2015) (quoting *United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000)) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an [information] is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *see also, United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) ("Evidentiary questions — such as credibility determinations and the weighing of proof — should not be determined" on a motion to dismiss for failure to state an offense). "In considering a defense motion to dismiss an [information], the [trial] court accepts as true the factual allegations set forth in the [information]." *Whyte*, 62 V.I. at 102 (quoting *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)).

### B. Analysis

¶ 11     In this instance, Defendant argued in broad strokes that the information must be dismissed for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) of the Virgin Islands Rules of Criminal Procedure (hereinafter "Rule 12(b)(3)(B)(v)")—to wit, rather than explaining why each count of the information failed to state an offense, Defendant simply claimed that "[n]othing in the affidavit claims or even suggests that Mr. Acevedo was the driver of the vehicle; or that he in any way aided, abetted, or even encouraged the unnamed driver's actions," that "[n]othing in the affidavit suggests that Mr. Acevedo was in any way responsible for this alleged act," that "[n]owhere in the affidavit does not [sic] allege that Mr. Acevedo ever possessed a firearm, much less any of the attendant charges," and that "Mr. Acevedo is not charged as a principal for any of the alleged conduct" without any argument as to why such information was necessary for which specific count(s) to state an offense or any supporting authority thereto. As noted above, "[i]t is not the Court's job to research and construct legal arguments open to parties ... In order to develop

a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association*, 2016 V.I. LEXIS 170 at *4. The Court declines to make such argument on Defendant's behalf. *See Joseph*, 2015 V.I. LEXIS 43 at *5. As such, the Court will deny Defendant's motion to dismiss for failure to state an offense.[8]

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the People's motion to file their opposition to Defendant's motion to dismiss out of time, filed on January 28, 2022, is **DENIED**, and the People's opposition to Defendant's motion to dismiss is **STRICKEN FROM THE RECORD. And** it is further:

**ORDERED** that Defendant's motion to dismiss, filed on November 16, 2021, is **DENIED.**

**DONE and so ORDERED this __5th__ day of April, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: ___4/5/2023___

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

---

[8] The Court must note that while Rule 12(b)(3)(B)(v) permits a defendant to bring a motion alleging a defect in the information for failure to state an offense at any time before trial, Defendant's arguments seem to challenge the sufficiency of the People's evidence underlying the various counts in the information rather than challenge the facial validity of the information itself. To address Defendant's claims as to these issues—the sufficiency of the People's evidence and the People's ability to prove their case—would require fact-finding, witness testimony, and credibility determinations, which is not permitted at this present procedural stage. To put it another way, Defendant is attempting to dismiss the information by way of "summary judgment" which is not the purpose of Rule 12(b)(3)(B)(v). If Defendant wants to challenge the information for lack of specificity or sufficiency, Defendant may move for a bill of particulars. *See* V.I. R. CRIM. P. 3(e) ("The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.").

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 06, 2023 09:06 AM
SX-2021-CR-00201
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **People of the Virgin Islands v. Nahjeeb Acevedo** | Case Number: **SX-2021-CR-00201** |
| | Charges: **14 V.I.C. 922(a) - Murder 1st Degree** |
| | **14 V.I.C. 922(a) - Murder 1st Degree** |
| | **14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm** |
| | **14 V.I.C. 2253(E) - Unauthorized Possession of a Firearm in a Vehicle** |
| | **14 V.I.C. 2253(f) - Poss. Of An Unlicense Firearm W. A 100 Ft Of Sch.** |
| | **14 V.I.C. 297(2) - Assaults Another With Deadly Weapon** |
| | **14 V.I.C. 297 - Assault Third Degree** |
| | **23 V.I.C. 479(a) - Illegal Discharge of a Firearms** |
| | **14 V.I.C. 1382 - Unauthorized Use Of A Vehicle** |
| | **14 V.I.C. 625 (a) - Reckless Endangerment In The 1st Degree** |
| | **14 V.I.C. 2256(a) - Possession Or Sale Of Ammunition** |

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion and Order</u>

**To:**   Jared William Burke, Esq.        H. Hannibal O'Bryan, Esq.

**Please take notice that on April 06, 2023** **a(n)** **Memorandum Opinion and Order** dated **April 5, 2023** was/were entered by the Clerk in the above-titled matter.

**Dated:**   April 06, 2023

**Tamara Charles**

**Clerk of the Court**

By:



**Janeen Maranda**
**Court Clerk II**